FILED
2005 Apr-20 AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **HOLLIE LEDBETTER, an individual;** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **CALHOUN COUNTY, ALABAMA,** | )CIVIL ACTION NO. |
| an Alabama county; | ) |
| **CALHOUN COUNTY COMMISSION,** | )    05-HS-0005 |
| the governing body of Calhoun County; | ) |
| **LARRY AMERSON, an individual;** | ) |
| **BRUCE BARTLIFF, an individual;** | ) |
| **CORRECTIONAL OFFICER HANSON,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER MADDOX,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER CLEMMONS,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER WALKER,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER MARITATE,** | ) |
| an individual; and, | ) |
| **CORRECTIONAL OFFICER BURCHFIELD,** | ) |
| an individual; | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

This case is before the Court on the Motion to Dismiss of Defendant Calhoun County. The Complaint in this case alleges the use of excessive force against, and the assaulting and raping of, a pregnant 19 year old woman while she was incarcerated in the Calhoun County Jail. *Complaint*, at ¶ 19. The

Complaint alleges that Calhoun County and the Calhoun County Commission were responsible for properly funding the operations of the jail and providing proper facilities, security and redundant security forces available to properly protect, monitor and prevent the Plaintiff from being mistreated. *Complaint*, at ¶ 35. In addition, the Complaint alleges that Defendants were responsible for properly inspecting and/or holding special meetings at the jail after having knowledge of improper funding, but before Plaintiff's constitutional violations. *Complaint*, at ¶ 36. The Complaint alleges that "knowledge [of improper funding] was evident to Calhoun County and the County Commission from comments [made] by the [jail's] Sheriff (albeit under oath or otherwise), other lawsuits and other inmate complaints and injuries." *Complaint*, at ¶ 36.

Against the County and the County Commission, the Complaint alleges only violation of the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I).

## II.   STANDARD OF REVIEW

A Motion to Dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove ***no set of facts in support of his claim*** which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added). The threshold for a complaint to

survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 995 (11th Cir.1983)). "When a federal court reviews the sufficiency of a complaint before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)(overruled on other grounds). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.* (emphasis added).

### III.    ARGUMENT

**A.    Plaintiff's Claims Against Calhoun County and Calhoun County Commission are Funding Claims, and are Not For the Failure to Manage the Day-to-Day Operations Of the Jail.**

In its Motion to Dismiss, Section IA, Defendants Calhoun County and

Calhoun County Commission argue that they cannot be held liable for the day-to-day operations of the jail. *Defendant's Brief*, at 2-3. The Plaintiff states that she does not contend that the Defendants are liable for day-to-day operations of the jail. Related to these Defendants, the Complaint reads as follows:

> 34. For example, Defendants Calhoun County and the Calhoun County Commission took Ms. Ledbetter into their custody at the Calhoun County Jail; and therefore, ***had an affirmative duty to ensure that its jail facility was properly financially funded and supported.***
>
> 35. Acting under color of law, Calhoun County and the Calhoun County Commission ***failed to properly fund the operations of the jail*** and to provide proper facilities, security and redundant security forces available to properly protect, monitor and prevent Plaintiff from being raped, mistreated and mishandled in violation of her constitutional rights.
>
> 36. In addition, Calhoun County and the County Commission ***failed to properly inspect and/or hold special meetings at the jail after having knowledge of such improper funding***, prior to Plaintiff's constitutional violations. This knowledge was evident to Calhoun County and the County Commission from comments by the jails Sheriff (albeit under oath or otherwise), other lawsuits and other inmate complaints and injuries.
>
> 37. ***By failing to properly support and fund the jail***, Defendants created an environment that was deliberately indifferent to the constitutional rights afforded Ms. Ledbetter under the Eighth and Fourteenth Amendments.

*Complaint*, at ¶¶ 34-37 (emphasis added).

Regarding this issue, the Eleventh Circuit has held:

4

The Eighth Amendment prohibits cruel and unusual punishment. The Supreme Court says that prison officials will be liable for violating the Eighth Amendment when they are deliberately indifferent to the substantial risk of serious harm to inmates. Put differently, officials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk. *See Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994).

A local government can be directly responsible for a constitutional violation due to its acts or omissions. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) ("a municipality may be liable under section 1983 for a single decision by its legislative body...") (citing *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)). A local government, however, will be liable under section 1983 only for acts for which the local government is actually responsible. *Turquitt v. Jefferson Cty., Ala.,* 137 F.3d 1285, 1287 (11th Cir.1998). Alabama counties have no responsibility for daily operation of county jails and no authority to dictate how jails are run, but the County is charged with erecting and maintaining jails. *Id.* at 1289-90. Therefore, the County will have violated Plaintiffs' Eighth Amendment rights if its failure to maintain the Jail constituted deliberate indifference to a substantial risk of serious harm to the prisoners.

Plaintiffs allege in the complaint that the physical conditions of the Jail, the maintenance of which was the County's responsibility, presented an objective substantial risk of serious harm to the inmates. They allege the locks on the doors to cells did not work, preventing inmates from being locked down. The structure of the Jail was so dilapidated that inmates could fashion weapons from pieces of the building. And no video or audio surveillance system was in place to check on the inmates.

Plaintiffs allege that the County was aware of the

conditions. Plaintiffs say these things put the County on notice: a report from the Alabama Department of Corrections filed in February 1996; faultfinding inspection reports from several state agencies; complaints from prisoners; a letter (outlining dangerous conditions) from a prisoner-rights advocacy organization; and a complaint filed in a lawsuit on 14 May 1996, seeking declaratory and injunctive relief on behalf of the prisoners in the Jail.

We accept that conditions in a jail facility that allow prisoners ready access to weapons, fail to provide an ability to lock down inmates, and fail to allow for surveillance of inmates pose a substantial risk of serious harm to inmates. In addition, Plaintiffs' allegations that the County received many reports of the conditions but took no remedial measures is sufficient to allege deliberate indifference to the substantial risk of serious harm faced by inmates in the Jail.

Plaintiffs' complaint also properly alleges the causal connection between the County's failure to maintain the Jail and the assaults on Marsh and Owens. For example, that the locks on the doors to cells did not work prevented the isolation of prisoners from each other and gave attackers ready access to Plaintiffs. We conclude that Plaintiffs sufficiently allege a constitutional violation by Butler County to survive the County's motion to dismiss.

*Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1026 -1028 (11th Cir. 2001).

In the present case, Plaintiff alleges that Calhoun County and the Calhoun County Commission "failed to properly fund the operations of the jail and to ***provide proper facilities, security and redundant security forces available to properly protect, monitor and prevent Plaintiff from being raped***, mistreated and mishandled in violation of her constitutional rights." *Complaint*,

at ¶ 35 (emphasis added).  Like in *Marsh*, here it is alleged that the Plaintiff was not properly monitored by surveillance and/or the proper number of jailers.  It is contended that such inadequate funding allowed Plaintiff to be raped and abused.

The Complaint alleges that Defendants had knowledge of inadequate funding from statements made by its County Sheriff (albeit under oath or otherwise), but did not make an effort to more properly fund its Jail. *Complaint*, at ¶¶ 36-37.  Such actions, it is alleged, created an environment that was deliberately indifferent to the substantial risk of serious harm to Hollie Ledbetter, Plaintiff.

What is *missing* in this case, however, that was not missing in *Marsh*, is the allegation in the Complaint of a direct causal connection between the wrongdoing alleged by the Plaintiff, and the *injury*.  While Plaintiff does state that the Defendant's actions "created an environment that was deliberately indifferent to the substantial risk of serious harm," she does not state that the County's action's directly led to her injuries.  By contrast, in *Marsh*, the Court noted specifically that the Plaintiff "properly alleges the causal connection between the County's failure to maintain the Jail and the assaults.  For example, that the locks on the doors to cells did not work prevented the isolation of

7

prisoners from each other and gave attackers ready access to Plaintiffs." The Court has found no such similar allegation in this case.

For the foregoing reasons, Defendants' Motion to Dismiss is due to be **GRANTED**.  As pled, Plaintiff does not state a cause of action under Alabama law related to Defendants' failure to properly fund and inspect the Jail after knowledge of such need.  The holding of *Marsh* substantiates that point.

## IV.   CONCLUSION

Plaintiff's brief makes it clear that her entire case against the County is based on the inadequate funding allegations as pled in the Complaint.  For the above stated reasons the Motion to Dismiss of the Defendant will be **GRANTED**.

DONE this 19th day of April, 2005.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**VIRGINIA EMERSON HOPKINS**
　　　　　　　　　　　　　　　　　　　United States District Judge