FILED
2005 Jul-07  AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **HOLLIE LEDBETTER, an individual;** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **CALHOUN COUNTY, ALABAMA,** | )CIVIL ACTION NO. |
| an Alabama county; | ) |
| **CALHOUN COUNTY COMMISSION,** | )     05-VEH-0005 |
| the governing body of Calhoun County; | ) |
| **LARRY AMERSON, an individual;** | ) |
| **BRUCE BARTLIFF, an individual;** | ) |
| **CORRECTIONAL OFFICER HANSON,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER MADDOX,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER CLEMMONS,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER WALKER,** | ) |
| an individual; | ) |
| **CORRECTIONAL OFFICER MARITATE,** | ) |
| an individual; and, | ) |
| **CORRECTIONAL OFFICER BURCHFIELD,** | ) |
| an individual; | ) |
| | ) |
| **Defendants.** | ) |

### Memorandum of Opinion

This case is before the Court on the Second Motion to Dismiss of Defendant Calhoun County, and the Calhoun County Commission. (Doc. 41).

Related to these Defendants, the First Amended Complaint reads as follows:

    34.    For example, Defendants Calhoun County and the Calhoun

County Commission took Ms. Ledbetter into their custody at the Calhoun County Jail; and therefore, *had an affirmative duty to ensure that its jail facility was properly financially funded and supported.*

35. Acting under color of law, Calhoun County and the Calhoun County Commission *failed to properly fund the operations of the jail* and to provide proper facilities, security and redundant security forces available to properly protect, monitor and prevent Plaintiff from being raped, mistreated and mishandled in violation of her constitutional rights.

36. In addition, Calhoun County and the County Commission *failed to properly inspect and/or hold special meetings at the jail after having knowledge of such improper funding*, prior to Plaintiff's constitutional violations. This knowledge was evident to Calhoun County and the County Commission from comments by the jails Sheriff (albeit under oath or otherwise), other lawsuits and other inmate complaints and injuries.

*First Amended Complaint*, at ¶¶ 34-36 (emphasis added).

Regarding this issue, the Eleventh Circuit has held:

> The Eighth Amendment prohibits cruel and unusual punishment. The Supreme Court says that prison officials will be liable for violating the Eighth Amendment when they are deliberately indifferent to the substantial risk of serious harm to inmates. Put differently, officials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk. *See Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994).
>
> A local government can be directly responsible for a constitutional violation due to its acts or omissions. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) ("a municipality may be liable under section 1983 for a single decision by its legislative body...") (citing *Owen*

*v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)). A local government, however, will be liable under section 1983 only for acts for which the local government is actually responsible. *Turquitt v. Jefferson Cty., Ala.,* 137 F.3d 1285, 1287 (11th Cir.1998). Alabama counties have no responsibility for daily operation of county jails and no authority to dictate how jails are run, but the County is charged with erecting and maintaining jails. *Id.* at 1289-90. Therefore, the County will have violated Plaintiffs' Eighth Amendment rights if its failure to maintain the Jail constituted deliberate indifference to a substantial risk of serious harm to the prisoners.

Plaintiffs allege in the complaint that the physical conditions of the Jail, the maintenance of which was the County's responsibility, presented an objective substantial risk of serious harm to the inmates. They allege the locks on the doors to cells did not work, preventing inmates from being locked down. The structure of the Jail was so dilapidated that inmates could fashion weapons from pieces of the building. And no video or audio surveillance system was in place to check on the inmates.

Plaintiffs allege that the County was aware of the conditions. Plaintiffs say these things put the County on notice: a report from the Alabama Department of Corrections filed in February 1996; faultfinding inspection reports from several state agencies; complaints from prisoners; a letter (outlining dangerous conditions) from a prisoner-rights advocacy organization; and a complaint filed in a lawsuit on 14 May 1996, seeking declaratory and injunctive relief on behalf of the prisoners in the Jail.

We accept that conditions in a jail facility that allow prisoners ready access to weapons, fail to provide an ability to lock down inmates, and fail to allow for surveillance of inmates pose a substantial risk of serious harm to inmates. In addition, Plaintiffs' allegations that the County received many reports of the conditions but took no remedial measures is sufficient to allege

> deliberate indifference to the substantial risk of serious harm faced by inmates in the Jail.
>
> Plaintiffs' complaint also properly alleges the causal connection between the County's failure to maintain the Jail and the assaults on Marsh and Owens. For example, that the locks on the doors to cells did not work prevented the isolation of prisoners from each other and gave attackers ready access to Plaintiffs. We conclude that Plaintiffs sufficiently allege a constitutional violation by Butler County to survive the County's motion to dismiss.

*Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1026 -1028 (11th Cir. 2001).

In the present case, Plaintiff alleges that Calhoun County and the Calhoun County Commission "failed to properly fund the operations of the jail and to ***provide proper facilities, security and redundant security forces available to properly protect, monitor and prevent Plaintiff from being raped***, mistreated and mishandled in violation of her constitutional rights." Like in *Marsh*, here it is alleged that the Plaintiff was not properly monitored by surveillance and/or the proper number of jailers. It is contended that such inadequate funding allowed Plaintiff to be raped and abused.

The Complaint alleges that Defendants had knowledge of inadequate funding from statements made by its County Sheriff (under oath or otherwise), but did not make an effort to more properly fund its jail. Such actions, it is alleged, created an environment that was deliberately indifferent to the

4

substantial risk of serious harm to Hollie Ledbetter, Plaintiff.

These Defendants were originally dismissed in April of 2005, because this court held as follows:

> What is *missing* in this case, however, that was not missing in *Marsh*, is the allegation in the Complaint of a direct causal connection between the wrongdoing alleged by the Plaintiff, and the *injury*. While Plaintiff does state that the Defendant's actions "created an environment that was deliberately indifferent to the substantial risk of serious harm," she does not state that the County's action's directly led to her injuries. By contrast, in *Marsh*, the Court noted specifically that the Plaintiff "properly alleges the causal connection between the County's failure to maintain the Jail and the assaults. For example, that the locks on the doors to cells did not work prevented the isolation of prisoners from each other and gave attackers ready access to Plaintiffs." The Court has found no such similar allegation in this case.

*Memorandum Opinion of April 20, 2005*, at 7-8.

In response to a request from the Plaintiff, the Court allowed the filing of a First Amended Complaint to more fully state causation language. In response, the Plaintiff has added only the following paragraph in addition to the allegations of her original Complaint:

> 37.   Calhoun County's and Calhoun County Commission's wrongful conduct caused and directly led to the constitutional violations suffered by Ms. Ledbetter as pled herein. Such conduct also created an environment that was deliberately indifferent to Ms. Ledbetter's constitutional rights under the Eighth and Fourteenth Amendments. Upon belief, had Calhoun County and Calhoun County Commission properly funded, provided resources, inspected and held meetings (as pled herein), Ms.

> Ledbetter's constitutional rights would not have been violated. Accordingly, as a proximate cause of Defendant's wrongful conduct, Plaintiff was otherwise damaged and injured.

*First Amended Complaint*, at ¶ 37. These additional allegations, even when taken together with those in the original Complaint, do not rise to the level of causation pled in *Marsh*. Even further, they do not plead causation at all.

As an initial matter, paragraph 37 only states the basis for its assertion is "upon belief" not upon *fact*. The Plaintiff, in her complaint, never connects the injury to the improper funding. She merely connects the improper funding to the creation of "an environment that was deliberately indifferent to Ms. Ledbetter's constitutional rights under the Eighth and Fourteenth Amendments." In *Marsh*, specific examples of conduct were cited and a trail was drawn that directly led from the Defendant's conduct to the injury sustained. That has not been done in this case.

The Plaintiff fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the Motion to Dismiss will again be **GRANTED**.

**DONE** this 7th day of July, 2005.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge